| | |
|---|---|
| BARTON MALOW COMPANY, | Case No. 18-10549 |
| Plaintiff and Cross-Defendants | SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | |
| TALISMAN INS. CO., LLC, ET AL., | MAGISTRATE JUDGE STEPHANIE DAWKINS DAVIS |
| Defendant, Third Party Plaintiff, and Counter-Defendant | |
| v. | |
| ASSEMBLERS PRECAST & STEEL SERVS., INC. | |
| Third Party Defendant, Counter-Plaintiff, and Cross-Plaintiff | |
| v. | |
| DUMAS CONSTR. SERVS., INC., | |
| Fourth Party Defendant, Counter-Plaintiff, and Cross-Plaintiff | |
| v. | |
| LIBERTY MUT. INS. CO., RLI INS. CO., | |
| Fourth Party Defendants. | |

_____/

# ORDER GRANTING IN PART AND DENYING IN PART CROSS-DEFENDANT BMH AND RLI INSURANCE COMPANY'S MOTION TO DISMISS [71]

Plaintiff—a joint venture of Barton Malow Company and Hunt Construction Group, Inc., doing business as Barton Malow / Hunt ("BMH")—filed this suit against Talisman Insurance Co., LLC, ("Talisman") on February 15, 2018. The complaint alleged that Dumas Construction Services, Inc., ("Dumas") a Michigan-based subcontractor, defaulted on a subcontract after obtaining a performance bond from Talisman, a Nevada corporation. Several other parties were brought into the suit and then dismissed. Now Plaintiff, BMH, and Fourth Party Defendant RLI Insurance Company ("RLI"), move to dismiss the case for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1).

## PROCEDURAL HISTORY

BMH filed its original complaint against Talisman on February 15, 2018. [Dkt. # 1]. On March 19, 2018, Talisman filed a third-party complaint [10] against the Michigan corporation Assemblers Precast & Steel Servs., Inc. ("Assemblers"), alleging that Assemblers, in its capacity as a subcontractor for Dumas, caused the breach of contract that is at the basis of BMH's complaint. The Court had original jurisdiction over this third-party complaint pursuant to 28 U.S. § 1332.[1] Though

---

[1] This Complaint was amended on June 7, 2018 [23], but the jurisdictional component remained the same.

Barton Malow is a Michigan Corporation and Hunt Construction is an Indiana Corporation, the parties do not dispute that their joint venture, BMH, is at least a Michigan citizen for purposes of diversity jurisdiction. On June 27, 2018, Assemblers filed a Counter-Claim [25] against Talisman and a Crossclaim [26] against BMH. Assemblers correctly observed that the Court had diversity jurisdiction over its counter-claim against Talisman, but it incorrectly asserted that complete diversity existed between itself and BMH, who, as observed in BMH's answer to the crossclaim, were both Michigan corporations (See ECF # 33 pg. 2-3). BMH's answer did, however, "admit[] that the Court could elect to exercise jurisdiction over this Cross-Claim based upon ancillary and/or supplemental jurisdiction." (Id.).

Also on June 27, 2018, Assemblers filed a Third Party Complaint [27] against Dumas, Liberty Mutual Insurance Company, and RLI. Assemblers again alleged that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, even though one of the Defendants, Dumas, was a resident of Michigan, like Assemblers. The parties in their answers noted that complete diversity was lacking, but admitted that the Court could exercise supplemental jurisdiction over the third party complaint.[2] On

---

[2] The parties would eventually come to refer to the third party complaint as a fourth party complaint.

July 9, 2018, Plaintiff BMH filed an Amended Complaint [31] against Talisman, but it did not add new parties.

On August 8, 2018, Dumas filed a Cross-Claim [52] against BMH and RLI and a Counterclaim [52] against Assemblers. Dumas brought both claims pursuant to 28 U.S.C. § 1367, claiming that the Court had supplemental jurisdiction over the actions. In their answers [55 & 56], BMH and RLI admitted that the Court could exercise jurisdiction pursuant to § 1367. A scheduling order [60] was entered on December 13, 2018.

On April 16, 2019, the Court signed a stipulated order [71] that BMH, Talisman, Liberty Mutual, and RLI had resolved all claims among and between them. All such claims were dismissed with prejudice, leaving only Assemblers' claims against Dumas, Dumas' counter-claims against Assemblers, and Dumas' cross-claims against Assemblers, BMH, and RLI.

BMH and RLI moved to dismiss [71] these remaining claims the next day, pursuant to Fed. R. Civ. P. 12(b)(1). That motion is now fully briefed. The Court finds it suitable for determination without a hearing pursuant to Local Rule 7.1(f)(2).

## ANALYSIS

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. That jurisdiction derived from the original dispute between BMH and

Talisman. A court does not lose jurisdiction when complete diversity is eliminated after the filing of the complaint (or complaints) at issue. "It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 570 (2004). The Court is not required to dismiss the suit, and the motion will be denied insofar as it seeks mandatory dismissal under FED. R. CIV. P. 12(b)(1). As the movant recognized in its reply, the Court must look to 28 U.S.C. § 1367 to decide whether to continue to exercise supplemental jurisdiction over the remaining state-law claims.

That statute gives a court "broad discretion" over whether to exercise supplemental jurisdiction after it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Gamel v. City of Cincinnati*, 625 F.3d 949, 950 (6th Cir. 2010). [T]he doctrine of pendent jurisdiction…is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 348 (1988). Those values include "judicial economy, convenience, fairness, and comity." *Id*. at 350. Nevertheless, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson*

*Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996), amended on denial of reh'g, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998).

The Sixth Circuit in *Musson* articulated a standard favoring dismissal of supplemental jurisdiction claims when the federal claims were eliminated early in the proceeding of the case with a Rule 12 motion. 89 F.3d at 1255. Movant has not articulated grounds for dismissal under FED. R. CIV. P. 12(b)(1), for such would require a finding that "there never was a valid federal claim," which is not the case here. *Id*. Nor is this motion procedurally analogous to a Rule 12(b)(6) motion, for discovery began over six months ago. The Court would not need to find "unusual circumstances" to retain supplemental jurisdiction over the case. *See Musson*, 89 F.3d at 1255 ("The presumption that a 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction over any remaining claims can be overcome in unusual circumstances.").

All that being said, considerations of "judicial economy, convenience, fairness, and comity," support dismissing the remaining state law claims. First, in terms of judicial economy and convenience, the Court has done nothing in this case except issue a scheduling order. There would be no duplication of judicial resources for discovery to continue in state court. Neither would the parties be overly inconvenienced by taking a brief pause in discovery before resuming under the

auspices of state court. Dumas seems to protest that such a dismissal would be unfair because the matter has been pending for over fourteen months and the parties have filed many pleadings. Since those pleadings were based on Michigan state law, however, it would hardly be onerous to refile them in state court. Lastly, considering the interest of comity to the states, Michigan state courts should be the preferred forum for disputes between Michigan corporations regarding Michigan contract law.

Accordingly,

**IT IS ORDERED** that BMH and RLI's Motion to Dismiss [71] is **GRANTED IN PART AND DENIED IN PART.** The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and **DISMISSES** all the remaining claims in this case without prejudice.

**SO ORDERED**.

Dated: May 31, 2019

s/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge